CORDOVA, Plaintiff-Appellant, v. YOUNGSTOWN MUNICIPAL RAILWAY COMPANY, Defendant-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No. 3288. Decided November 15, 1949.

Williams & Brown, Youngstown, for plaintiff-appellant.

Harrington, Huxley & Smith, Youngstown, for defendant-appellee.

**OPINION**

By PHILLIPS, PJ.

Plaintiff's evidence, offered in the trial court in the case we review, disclosed that about 1:10 P. M. on the clear, sunny, 24th day of September, 1947, appellant parked his employer's beer truck, headed in an easterly direction, on East Federal Street, a duly dedicated and accepted public thoroughfare of Youngstown, Ohio, about two inches from the southerly curb thereof, in front of the "40 Club," known for street numbering purposes as 371 East Federal Street, for the purpose of delivering beer therein; that he alighted from his truck on the street side of East Federal Street, and walked "six to eight steps" to the rear thereof to assist his helper make such delivery.

Other evidence disclosed that about that time a Plymouth automobile was being operated in a westerly direction on the northerly side of East Federal Street, about 40 miles an hour, by a man who pleaded guilty to reckless driving and was found guilty of carrying concealed weapons; that at that time such automobile was about opposite the Forty Club; that at that place East Federal Street was 70 feet wide, and dry; that then such automobile was operated in a south-westerly direction over and along East Federal Street into the path of appellee's passenger bus (allegedly to avoid being struck by another automobile being operated into its path); that such bus was traveling between 20 and 35 miles an hour in an easterly direction on East Federal Street; that when it was about 40 to 45 feet west of the truck it was operated in a southeasterly direction, and skidded 21 feet into collision with the Plymouth automobile and the left front side of appellant's parked truck, where he was standing, squeezing him between the left front side of his employer's parked truck and the right front corner of appellee's bus, which stopped so suddenly as to throw passengers riding therein forward; that as the result of such collision he was caused to sustain injuries for which he commenced the action we review in the court of common pleas to recover damages.

Defendant-appellee's bus driver testified he was operating appellee's bus in the direction and on the street plaintiff claims at about 20 miles an hour; that the driver of the

Plymouth automobile attempted to "make a 'U' turn in front of him" as the result of which the bus he was driving ("well it shoved me or drove me to the right") collided with the Plymouth automobile; that he saw the Plymouth automobile when it was 50 to 75 feet away, and there was no other traffic between them, and at that speed he could stop appellee's bus, with its airbrake equipment, in 20 to 25 feet on the pavement, which was dry, and under the conditions which existed then; and denied that appellee's bus struck the truck of appellant's employer.

Passengers on appellee's bus fixed the speed of the bus between 20 and 25 miles an hour; and testified that "this here coupe came down and whaled into us, I didn't see him at all until it hit us"; that the driver of the Plymouth was trying to make a "U" turn, "make a sweep in the street," and that the driver of the bus was operating it so "nicely"; that a passenger "hollered 'look at that car', and I saw this green car coming toward the bus; well he (the bus operator) tried to avoid hitting this green car so he swerved over to the right, and he scraped along this truck going down East Federal Street, and the truck was parked; the truck was parked and he scraped this bus all the way down."

Youngstown's Deputy Traffic Commissioner testified that the driver of appellee's bus admitted driving its bus at 25 to 28 miles an hour at the time of collision; that there were "scrape marks on the left side of the body of the truck that had a yellow color; that there was a dent in the body of the truck about shoulder high, about a foot in diameter, and about ten inches to the rear of the front of the body of the truck; that there was a patch of yellow coloring on the rear left rear corner of the body, a small patch about a couple inches square."

The jury returned a verdict for defendant corporation, a public carrier of passengers for hire, upon which the trial judge duly entered judgment; and it is from that judgment that plaintiff appeals to this court on questions of law, and contends that the trial judge erred to his prejudice in his general charge given to the jury after argument, and that the verdict of the jury and the judgment of the trial court entered thereon are against the manifest weight of the evidence.

Appellant's contributory negligence was not an issue in the case we review. Accordingly we do not concern ourselves with why he was standing where he was when he was allegedly squeezed, nor how he got there, and no further reference to such matters will be made in this opinion.

In his general charge to the jury the trial judge said:—

"No person shall turn a vehicle or trackless trolley from a direct course upon a highway unless and until such person shall have exercised due care to ascertain that such movement can be made with reasonable safety to other users of the highway and then only after giving a clearly audible signal by sounding the horn, if any pedestrian may be affected by such movement."

After discussing this portion of the general charge of the trial judge at some length in their brief, counsel for plaintiff contend:—

"Therefore, we submit that the Court was in error, in charging that the only duty owed plaintiff under this statute was 'ordinary care' and that the incorrect rule given by the court was highly prejudicial. * * *

"Under these circumstances, it seems quite obvious, that the jury, being given an erroneous and incorrect statement of the law the second time, was misled and that plaintiff's rights were prejudiced."

Counsel for defendant contends that "the trial court should not have charged the jury on the above statute and we will demonstrate further that in so doing, the defendant and not the plaintiff was greatly prejudiced"; that such charge was "helpful to plaintiff and just as surely hurt the defendant to have the court charge a statute that had no application to the facts, but filed no cross appeal nor cross assignments of error. Accordingly we will not pass upon whether defendant was prejudiced by such charge; and having carefully considered the general charge of the trial judge in its entirety conclude that the plaintiff was not prejudiced by the general charge of the trial judge in the respects urged by him.

We have read the bill of exceptions submitted to us in this case carefully; and after equally carefully considering and weighing the evidence submitted to us for review we can not arrive at the conclusion counsel for plaintiff ask us to reach, namely that the verdict of the jury and judgment of the trial court entered thereon are against the manifest weight of the evidence.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, BUCKLEY, J, concur in judgment.